

attached. In his response, Hubert does not oppose a remand. Hubert requests that the decision of the Veterans Court be vacated, along with the decision of the Board of Veterans' Appeals. Hubert further requests that the Veterans Court be instructed to remand to the Veterans Administration for "application and consideration of the provision of the Veterans Assistance Act." The Secretary replies.

The court grants the motion to remand, but without Hubert's requested instructions. Hubert may ask the Veterans Court for such relief on remand, if appropriate.

Accordingly,

IT IS ORDERED THAT:

(1) The Secretary's motion to remand is granted.

(2) Hubert's motion for an extension of time is granted.

(3) The revised official caption is reflected above.

31(a) within the time permitted by the rules, it is

ORDERED that the petition for review be, and the same hereby is, DISMISSED, for failure to prosecute in accordance with the rules.

**Woodrow F. SANDERS, Claimant–Appellant,**

v.

**Anthony J. PRINCIPI, Secretary of Veterans Affairs, Respondent–Appellee.**

No. 01–7039.

United States Court of Appeals, Federal Circuit.

March 22, 2001.

ORDER

The parties having so agreed, it is

ORDERED that the proceeding is DISMISSED under Fed. R.App. P. 42(b).

**Latrichia M. BROWN, Petitioner,**

v.

**DEPARTMENT OF VETERANS AFFAIRS, Respondent.**

No. 01–3070.

United States Court of Appeals, Federal Circuit.

March 22, 2001.

ORDER

The petitioner having failed to file the brief required by Federal Circuit Rule

